UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORENZO MARTINEZ,

           Plaintiff,

v.

THOMAS DUQUIN, M.D., et al.,

           Defendants.

---

1:20-CV-00773 - LJV-MJR

DECISION AND ORDER

      This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) by the Honorable Lawrence J. Vilardo for all pre-trial matters, including preparation of a report and recommendation on dispositive motions. Presently before the Court are Plaintiff's motion for reconsideration (Dkt. No. 70) of the Court's Decision and Order denying Plaintiff's motion to appoint counsel, as well as Plaintiff's Motions for Financial Funds to Retain the Services of an Expert (Dkt. Nos. 72; 73). For the following reasons, Plaintiff's motion for reconsideration is denied and Plaintiff's motions for funds to retain an expert witness are denied.

## Background and Procedural History

      On April 11, 2022, Plaintiff Lorenzo Martinez filed a motion to appoint counsel. (Dkt. No. 67). In his motion, Plaintiff argued that this 42 U.S.C. § 1983 action involves complex legal issues for which he, as an incarcerated person, needs the assistance of an attorney to conduct investigations and depose witnesses. (*Id.*). Defendants Thomas Duquin, Kaori Tanaka, and Elizabeth Hall (f/k/a Elizabeth Cohen) filed a response in opposition to the motion. On April 27, 2022, the Court issued a Decision and Order

denying Plaintiff's motion. (Dkt. No. 68). The Court declined to appoint counsel because Plaintiff had shown himself to be able to adequately represent his case thus far and because the issues raised are not so complex that the appointment of counsel was necessary. (*Id.*). On May 6, 2022, shortly after the decision was issued, the Court received a reply memorandum from Plaintiff further supporting his motion. (Dkt. No. 69). Plaintiff then filed a motion for reconsideration of the Court's decision denying his request for counsel. (Dkt. No. 70).

On June 13, 2022, Plaintiff filed a motion seeking funds from the District Court to retain the services of an expert witness in order to rebut defendant's expert witness. (Dkt. No. 72). On June 21, 2022, Plaintiff filed a second motion seeking the same relief based on substantially the same arguments with the exception that the second request for relief is made pursuant to 18 U.S.C.A. § 3006A(e)[1]. (Dkt. No. 73). Defendants Cohen, Duquin, and Tanaka filed a response in opposition to the motions. (Dkt. No. 74). Plaintiff filed a reply. (Dkt. No. 75). At that time, the Court considered the motion for reconsideration and the motion for funds to be submitted for decision.

In the interim, defendants Koenigsmann, Michalek, and Noeth have filed a motion for summary judgment (Dkt. No. 76), and defendants Duquin, Tanaka, and Hall have filed a separate motion for summary judgment (Dkt. No. 82). The summary judgment motions have been briefed and will be addressed by the Court by separate decision/report and recommendation.

---

[1] Plaintiff's motion actually specifies "18 U.S.C.A. § 3006(e)," but the Court presumes that Plaintiff intended to refer to § 3006A(e).

2

<u>*Motion for Reconsideration of Plaintiff's Motion to Appoint Counsel*</u>

A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority. *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). The standard for granting a motion to reconsider is strict, and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is within the "sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Plaintiff premises his motion for reconsideration on the fact that the Court had not yet received his reply memorandum when it denied his motion to appoint counsel. The Court has since reviewed Plaintiff's reply and construes the arguments contained therein as constituting the substance of Plaintiff's motion for reconsideration. In that submission Plaintiff expands upon the reasons he believes the appointment of counsel is warranted in his case. However, although discovery has now concluded and dispositive motions have been filed by Defendants, there are no new procedural or factual issues before the Court now that were not considered at the time of the initial denial. The Court's prior discussion of the factors relevant to an appointment of counsel decision as laid out by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58, 61 (1986) is otherwise unchanged. After reviewing Plaintiff's reply memorandum and his motion for reconsideration, the Court finds that Plaintiff presents no basis for reconsideration of the April 27, 2022 Decision & Order. Based on the relevant law and the facts of this case, the

Court concludes that its previous decision was legally correct and did not create injustice. See Sampel v. Livingston Cty., 17-CV-6548-EAW, 2020 U.S. Dist. LEXIS 65418, at *5-6 (W.D.N.Y. Apr. 14, 2020) (denying motion for reconsideration of request for counsel where defendant's summary judgment motion was pending and the Court had already considered the Hodge factors); see also Regan v. Hon, 3:20-CV-846, 2020 U.S. Dist. LEXIS 211289, at *2-3 (N.D.N.Y. Nov. 12, 2020) (denying request to reconsider appointment of counsel decision because the Hodge factors were already considered, plaintiff's motion relied on arguments previously made, and there was no clear error of law or manifest injustice in the Court's decision not to appoint counsel to represent him).

Accordingly, Plaintiff's motion for reconsideration is denied. Plaintiff is reminded that his motion to appoint counsel was denied without prejudice to re-apply for counsel at a later date or to the Court's ability to *sua sponte* re-examine this issue should Plaintiff's claims survive summary judgment.

### *Plaintiff's Motion for Funds to Retain an Expert Witness*

Plaintiff requests funds to retain a medical expert to rebut the report of Ilya Voloshin, M.D., the expert witness disclosed by Defendants Duquin, Tanaka, and Hall. (Dkt. Nos. 72; 73).[2] Plaintiff states that the appointment of an expert is necessary for him

---

[2] The Court construes Plaintiff's motions, which are titled "Reply to defendants' medical expert opinion, and request for financial funds to retain an expert" and "[…] request for financial funds to retain an expert under 18 USCA § 3006[A](e)," as requests most appropriately made pursuant to Fed. R. Evid. 706. Plaintiff's reliance on a section of the Criminal Justice Act which contains provisions for the appointment of counsel for certain criminal defendants is misplaced. See 18 U.S.C. § 3006A(a)(1) and (e) (providing for adequate representation of defendants, including appointment of counsel and payment of expert or other services, for financially eligible persons in several enumerated categories, including but not limited to persons charged with criminal offenses, persons charged with violations of probation and supervised release, and persons who face losses of liberty in a case). Section 3006A does not provide for the appointment of counsel or payment of expert witness costs for civil litigants seeking relief under 42 U.S.C. § 1983, as Plaintiff seeks in this case. See generally Shearin v. United States, 25 Cl. Ct. 294 (Cl. Ct. 1992), aff'd 983 F.2d 1085 (Fed. Cir. 1992) (finding no statutory basis under § 3006A for payment of attorney fees associated with a § 1983 civil rights claim because the former statute applies only to cases

4

to refute the opinion provided by Dr. Voloshin and "will be crucial for the Plaintiff to pro[ve] his claim." (*Id.*). He specifically seeks to retain the services of Scott A. Rodeo, M.D., who has written a publicly available article which Plaintiff believes supports his claim that Defendants were deliberately indifferent to his medical needs. (*Id.*).

Rule 706 of the Federal Rules of Evidence allows the Court to appoint an expert witness, on its own motion or the motion of a party. *See* Fed. R. Evid. 706. The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view. *Pabon v. Goord*, 99-CV-5869, 2001 U.S. Dist. LEXIS 10685, at *3 (S.D.N.Y. July 27, 2001). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert, in its assessment of technical issues." *Benitez v. Mailloux*, 9:05-CV-1160, 2007 U.S. Dist. LEXIS 102681, at *3 (N.D.N.Y. Mar. 15, 2007); *see Reynolds v. Goord*, 98-CV-6722, 2000 U.S. Dist. LEXIS 8743, at *4 (S.D.N.Y. June 22, 2000) ("[t]he most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance") (quoting 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6304 (1997)).

"The enlistment of court-appointed expert assistance under Rule 706 is not commonplace," and courts appoint experts under Rule 706 "relatively infrequent[ly]." *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (citations and quotations omitted). "As a general matter, such measures should be taken sparingly,

---

involving indigent *criminal* defendants) (emphasis in original). Thus, the Court finds the provisions of Fed. R. Evid. 706 to be the closest statutory or procedural rule applicable to the request Plaintiff is making.

5

particularly given the large volume of cases in which indigent prisoners allege the improper deprivation of medical care, and the substantial expense that defendants may have to bear if the Court does appoint an expert." *Pabon*, 2001 U.S. Dist. LEXIS 10685, at *5. In addition, the fact that a plaintiff has been permitted to proceed *in forma pauperis* does not authorize payment or advancement of discovery expenses by the court. *See Bonano v. Tillinghast*, 18-CV-6405, 2021 U.S. Dist. LEXIS 56062, at *13 (W.D.N.Y. Mar. 24, 2021); *see also Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993) ("federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant"); *Graves v. Corr. Med. Serv.*, 11-CV-1005, 2015 U.S. Dist. LEXIS 54928, at *20 (W.D.N.Y. 2015) ("the plain language of [28 U.S.C. § 1915] does not provide for the appointment of expert witnesses to aid an indigent litigant") (quotation omitted), *aff'd* 667 F. App'x 18 (2d Cir. 2016) (summary order).

In *Pabon*, the plaintiff alleged that correctional facility and medical center personnel unlawfully delayed an operation to remove his brain tumor solely based on the cost of the operation and follow-up treatment. *See* 2001 U.S. Dist. LEXIS 10685, at *4. The Court denied the request and rejected plaintiff's claim that appointment of an expert was needed to analyze "complex questions of proper medical treatment." *Id.* As that Court explained, "in Eighth Amendment medical care cases, where a prisoner is alleging deliberate indifference to his serious medical needs, the subjective element of deliberate indifference turns on the state of mind of the official, i.e., whether an official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Id.*, at *5-6 (citations omitted). Analysis of this issue

does not involve "probing, complex questions concerning medical diagnosis and judgment." *Id.*

In this case, similarly to the facts of *Pabon*, Plaintiff contends that he was denied an operation based on defendants' knowledge that he is serving a lengthy term of incarceration. He seeks expert testimony to further his claim and rebut the opinion of defendants' medical expert. Court appointment of an expert pursuant to Rule 706 would be improper under these circumstances. *See Dowdell v. City of Rochester*, 11-CV-6493, 2013 U.S. Dist. LEXIS 142716, at *6-8 (W.D.N.Y Oct. 2, 2013) (denying plaintiff's request for appointment of expert witness to aid plaintiff's excessive force claims). Further, the issues raised by Plaintiff's claims of deliberate indifference to his medical needs, namely treatment for a bicep tendon rupture, do not appear to be esoteric or so medically complex that the Court will need the assistance of a neutral expert. *See Pabon, supra; Bonano*, 2021 U.S. Dist. LEXIS 56062, at *13-14 (denying appointment of expert witness in case involving assault allegations).

Defendants also argue that Plaintiff's request to appoint and fund an expert should be denied with prejudice on the basis that his request was untimely.[3] The Court declines to analyze the timeliness arguments in light of its conclusion that Plaintiff's motion fails on its merits.

---

[3] Defendants argue that Plaintiff failed to comply with the expert disclosure deadline of March 14, 2022, contained in the Third Amended Case Management Order. (Dkt. No. 74-6, pgs. 7-8; *see* Dkt. No. 58, ¶ 3(a) ("plaintiff shall identify any expert witnesses and produce their reports by 3/14/2022"). Defendant counters that his initial request, which was received by the Court on June 13, 2022, should be considered timely based on the deadline of June 10, 2022 for his identification of rebuttal expert witnesses. This deadline was contained in the then applicable Fourth Amended Case Management Order. (Dkt. No. 75, ¶ 5; *see* Dkt. No. 64, ¶ 1(b) ("plaintiff shall identify any rebuttal expert witnesses and produce their reports by 6/10/2022).

Accordingly, Plaintiff's motion for funds to retain an expert is denied. The Court does not find appointment of an expert necessary at this time. Should the Court later determine that appointment would be appropriate, it may do so at that time.

## Conclusion

For these reasons, plaintiff's motion for reconsideration of the Court's denial of his motion to appoint of counsel (Dkt. No. 70) is denied. Further, Plaintiff's motions for funds to retain an expert witness (Dkt. No. 72; 73) are denied.

**SO ORDERED.**

Dated: March __1__, 2023
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge